**E-FILED**
Friday, 25 January, 2008  10:13:44 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWIN P. BRUHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-1196 |
| | ) | |
| BEN SLOTKY, McLEAN COUNTY | ) | |
| SHERIFF, McLEAN COUNTY CLERK, | ) | |
| McLEAN COUNTY RECORDER, CITY OF | ) | |
| BLOOMINGTON, SENTRY INSURANCE, | ) | |
| FIDELITY NATIONAL FINANCIAL, | ) | |
| CHICAGO TITLE INSURANCE CO., | ) | |
| WICKS PIPE ORGAN COMPANY, CNA | ) | |
| INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendant Wicks Organ Company ("Wicks")[1], a Motion to Dismiss or Alternatively to Require a More Definite Statement by Defendants Chicago Title Insurance Co. ("Chicago Title") and Fidelity National Financial ("Fidelity"), and a Motion to Dismiss by Defendants McLean County Sheriff, McLean County Clerk, and McLean County Recorder (hereinafter referred to as the "McLean County Defendants").  For the reasons set forth below, Wicks' Motion to Dismiss [#6] is GRANTED, the Motion to Dismiss [#10] by Chicago Title and Fidelity is GRANTED, and the McLean County Defendants' Motion to Dismiss [#16] is also GRANTED.

### FACTUAL BACKGROUND

---

[1] Wicks was incorrectly designated as Wicks Pipe Organ Co. in the Complaint.

On July 16, 2007, Plaintiff, Edwin Bruhl, filed this action naming ten defendants. The precise nature of his 209-page Complaint is unclear, as it consists largely of series of incoherent attachments bearing no discernable relationship to each other and is virtually incomprehensible. He alludes to conversations with officials in Washington, DC and attaches photos of the United States Constitution. He then makes bald references to: (1) his being the trustee for Kansas State Bank, Edgar County Bank and Trust Company, and Marquette National Bank and Trust Company; (2) property located at 209-11 East Washington Street, Bloomington, IL; (3) Defendant Ben Slotky being a Chapter 7 debtor and other documents filed in his bankruptcy proceedings; (4) his intent to file fraud charges against Defendant Slotky; (5) a summons that he was served with in another state court case; (6) his suspicion regarding the payment of property taxes for, auction of, and eviction from the Castle Theater property; (7) civil actions brought by him in the Northern District of Illinois; (8) a pipe organ project that began in 1967 in Chicago, Illinois; (9) the allegedly fraudulent buying and selling of real estate by an employee of Union Planter's Bank; (10) his contributions to a Golden Career Savings Plan through Sentry Insurance; and (11) expense reports regarding work he did in connection with the theater. That being said, on his civil cover sheet, he has identified his cause of action as being brought pursuant to 42 U.S.C. § 1983.

Several Defendants have now filed Motions to Dismiss the claims against them for failure to state a claim upon which relief can be granted. The motions are fully briefed, and this Order follows.

**DISCUSSION**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

I.      Wicks' Motion to Dismiss

Defendant Wicks moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Specifically, Wicks argues that the allegations fail to state any cause of action against it. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction, and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The Supreme Court has recently clarified the interrelationship between Rules 8 and 12(b)(6).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),FN3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 -1965 (2007).  The Seventh Circuit has also noted that despite the relatively low threshold to comply with the requirements of notice pleading pursuant to Rule 8(a), a complaint may nevertheless be dismissed under Rule 12(b)(6) if the plaintiff does not present legal arguments supporting the "substantive adequacy" or "legal merit" of that complaint.  Lekas v. Briley, 405 F.3d 602, 614 (7th Cir. 2005), citing Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999).

- 4 -

Bruhl's pleadings and civil cover sheet indicate that he is bringing this action pursuant to § 1983, which imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983.  Here, the allegations against Wicks are virtually nonexistent.  To the extent that Wicks is even mentioned, the references do not appear to bear any relationship to the property dispute in McLean County that appears to be the crux of this litigation.  Even when construed in the light most favorable to Bruhl, the scant allegations against Wicks cannot establish a claim under § 1983, as the Complaint is simply devoid of any assertion that Wicks, a private corporation, was acting under state law in doing whatever it did to offend Bruhl.  Bruhl's response to the Motion fails to shed any further light on his claims against Wicks and makes no reference to additional facts or inferences that might be drawn in support of his claim.

As it appears from the pleadings that Bruhl could prove no set of facts in support of his claim which would entitle him to relief, the Court finds that Wicks' Motion to Dismiss shall be granted.

II.    Chicago Title and Fidelity's Motion to Dismiss

Chicago Title and Fidelity likewise seek their dismissal from the Complaint for failure to state a claim.  Alternatively, they request that Bruhl be required to file a more definite statement upon which they may frame a responsive pleading.

Again, Bruhl has brought a Complaint purportedly pursuant to § 1983.   As was the case with Wicks, the allegations regarding Chicago Title and Fidelity are few and far between, bearing no discernable relationship to the property dispute that appears to be

the focus of this litigation, and failing to suggest in any way that these private companies acted under color of state law.  Such failures are fatal to Bruhl's attempt to pursue a § 1983 claim against these Defendants.

Furthermore, to the extent that any of the rambling attachments can be construed as alluding to some type of contractual relationship between Bruhl and these Defendants, his claim would also fail.  There is no allegation of the existence of a contract with either Chicago Title or Fidelity giving rise to a duty on their part, much less an assertion that either Defendant breached any particular duty owed in connection with this litigation.

Bruhl's response adds little to clarify this issue.  The most he offers is a copy of a letter from a legal assistant at Chicago Title requesting that he provide her with a copy of his owner's policy if he was attempting to file a claim.  He makes no effort to establish that either Defendant acted under color of law, that he is asserting a breach of contract claim, or that he had a contractual relationship with either Chicago Title or Fidelity that has any relevance to this litigation.  Nor does he make any attempt to otherwise indicate the basis for any claim against either of these Defendants.  As it appears from the pleadings that Bruhl could prove no set of facts in support of his claim which would entitle him to relief, the Court finds that the Motion to Dismiss by Chicago Title and Fidelity shall be granted.

III.    McLean County Defendants' Motion to Dismiss

The McLean County Defendants seek the dismissal of Bruhl's "Complaint" based on the argument that the documents served upon them do not constitute a complaint within the meaning of Rules 4 and 8 of the Federal Rules of Civil Procedure and fail to

state any cause of action against them.  Specifically, these Defendants assert that the "complaint" fails to set forth any allegations that could reasonably be construed as informing them of why they are being sued.  Rather, the McLean County Defendants have identified some of the documents as having been part of a state court foreclosure action brought by Heartland Bank & Trust Company.[2]  It is also represented that the 209-page Complaint of record in this case was not among the documents served on the McLean County Defendants.

Rule 4 provides that a plaintiff must serve each defendant with summons and a copy of the complaint within 120 days of the filing of the complaint.  Fed.R.Civ.P. 4(c)(1) and (m).

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m);  Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir.1996); see also, Troxell v. Fedders of North America, Inc., 160 F.3d 381, 382-83 (7th Cir.1998).

Here, Bruhl was clearly put on notice of his failure to serve his Complaint by the McLean County Defendants' Motion to Dismiss.  However, in his response, he does not

---

[2] Parenthetically, the Court notes that any attempt by Bruhl to challenge a prior state court determination with respect to a foreclosure would raise issues of standing (if he was not a party to the state court action), res judicata, or application of the Rooker-Feldman or abstention doctrines.

- 7 -

even acknowledge his failure to properly serve these Defendants, much less demonstrate good cause for his failure or request an extension of time in which to do so.  Accordingly, the Court must find that Bruhl has failed to establish good cause for his failure to perfect proper service on the McLean County Defendants, and their Motion to Dismiss is granted.

Even assuming that Bruhl had established good cause for his failure to serve the Complaint, the Court further finds that no valid purpose would be served by granting an extension of time in which to do so.  As discussed previously in this Order, the Complaint filed in this action is virtually incoherent and does not present legal arguments or factual allegations supporting the substantive adequacy or legal merit of his claims or set forth the grounds to his entitlement to relief against these Defendants. Although the McLean County Defendants are state actors, the Complaint gives no indication of how any of them allegedly violated his constitutional rights.

Moreover, Bruhl's response addresses only the McLean County Recorder, alluding to the Recorder's having asked questions about some sort of lien that he was attempting to file or renew in June 2005 and making reference to an action that he has brought in McLean County Circuit Court.  He does not offer any short and plain statement indicating why he is entitled to any relief against the Recorder or provide any allegations or context within which to determine how the Sheriff or Circuit Clerk fit into this picture.  Thus, the Court must conclude that Bruhl could prove no set of facts in support of his claim which would entitle him to relief, and dismissal pursuant to Rule 12(b)(6) would be appropriate in any event.

**CONCLUSION**

For the reasons set forth above, the Motions to Dismiss by Wicks, Chicago Title and Fidelity, and the McLean County Defendants [#6, #10, and #16] are GRANTED. Wicks, Chicago Title, Fidelity, the McLean County Sheriff, the McLean County Circuit Clerk, and the McLean County Recorder are hereby TERMINATED as parties to this litigation.  This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 25th day of January, 2008.


_____ s/ Michael M. Mihm _____
Michael M. Mihm
United States District Judge