UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Edwin P. Bruhl, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1196 |
| | ) | |
| Ben Slotky, et al, | ) | |
|         Defendants | ) | |

**REPORT AND RECOMMENDATION**

This case was filed on July 6, 2007. All Defendants but four have been dismissed from this case. See Order dated January 25, 2008.

One of those four defendants is Ben Slotky. As of this date, Plaintiff has made no effort to obtain a summons or to otherwise notify Slotky of this litigation in any manner authorized by Fed.R.Civ.P. 4. Pursuant to Fed.R.Civ.P. 41(b), I recommend that Slotky be dismissed as a Defendant in this case.

Two of the remaining Defendants are corporations: Sentry Insurance and CNA Insurance. Summonses were issued for these Defendants, and Plaintiff has filed "return of service executed" for each. See Docs. #4 and 12. These documents reflect that Plaintiff sent something, presumably the complaint and summons, by certified mail to Sentry Insurance on July 13, 2007, and to CNA insurance on July 16, 2007.

Fed.R.Civ.P. 4(c) provides that a plaintiff is responsible for service of a summons and complaint. Service upon a corporation is governed by Fed.R.Civ.P. 4(h) which requires that a copy of the summons and of the complaint be <u>delivered</u> to an officer, managing or general agent or any

other agent authorized to accept service. The Rule does not authorize service of summons by mail. Accordingly, I find that service upon these corporate defendants was insufficient.

The remaining Defendant is the City of Bloomington. Summons was issued on July 6, 2007, and Plaintiff has filed a return of service executed. See Doc. #4. As was the case above, however, that document reflects that Plaintiff sent something, presumably the complaint and summons, by certified mail to an address in Bloomington on July 15, 2007.

Service upon a municipality is governed by Fed.R.Civ.P. 4(j), which requires that a copy of the summons and complaint be delivered to the chief executive officer or by serving a copy of each in a manner allowed by Illinois law. Service by mail is not authorized under Rule 4, nor is it permissible under Illinois law. 735 ILCS 5/2-211. I therefore conclude that service upon the City was insufficient.

Because this case is now six months old and no service has been made upon the only four remaining defendants, I recommend that the case be dismissed in its entirety for lack of prosecution. The Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1).

The Plaintiff is cautioned that failure to object to this Report and Recommendation will likely lead to the dismissal of this case in its entirety. Moreover, failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTER this 28th day of January, 2008.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE